TO THE HONORABLE, THE ASSEMBLY
Chapter 292, Laws of 1965, had as its purpose the establishment of a state-wide system of vocational, technical and adult education districts. The Coordinating Committee on Higher Education, in conjunction with the State Board of Vocational, Technical and Adult Education, was ordered to prepare a proposed master plan for vocational, technical and adult education districts. It was, further, provided in ch. 292 that by July 1, 1970, the state board was to act to include all areas of the state in such education districts. The method of creating new districts was set forth and at the present time all areas of the state are included in 17 vocational, technical and adult education districts, which were created and are entities. The phase of initial creation of the new districts has been completed.
On December 21, 1971, ch. 154, Laws of 1971, was published. This chapter repealed and recreated ch. 38, 1969 Stats., which had included the renumbered contents of ch. 292, Laws of 1965, and recodified the laws governing vocational, technical and adult education. The effective date of ch. 154, Laws of 1971, is July 1, 1972. Shortly after its publication, however, I received 1971 Assembly Resolution 46. This resolution requests my opinion on:
"* * * whether the board of vocational, technical and adult education may create a new vocation, technical and adult education district by merging one district, without its consent, with another district, and in effect require the nonconsenting district to assume part of the outstanding indebtedness of the other district." *Page 234 
Because of the above-described sequence of events, I presume that the inquiry is directed to the power of the board after the effective date of ch. 154, Laws of 1971.
There is no doubt that the legislature can create school districts, dissolve them, abolish them, merge them and alter their boundaries. In general, see 78 C.J.S., Schools and SchoolDistricts, sec. 27; 47 Am. Juris., Schools, secs. 7, 8 and 18; 16 McQuillin, Mun. Corp. (3d ed. rev'd.), sec. 46.02. There is also no doubt that the legislature can delegate authority to do so to a state board, such as the Board of Vocational, Technical and Adult Education. West Milwaukee v. Area Bd. Vocational, T A.Ed. (1971), 51 Wis.2d 356, 187 N.W.2d 387; School Dist. v.Callahan (1941), 237 Wis. 560, 297 N.W. 407; State ex rel. Hortonv. Brechler (1925), 185 Wis. 599, 202 N.W. 144. See also, Egan v.Wisconsin State Board of Vocational, T. and A. Ed. (E.D. Wis. 1971), 332 F. Supp. 964.
To answer the question posed, however, one must look at ch. 154, Laws of 1971, to determine whether the legislature, which can do so, has delegated to the Board of Vocational, Technical and Adult Education the power to create a new district by "merging one district, without its consent, with another district." If the board has that power, the consequence of merger would be that the "nonconsenting district" would "assume part of the outstanding indebtedness of the other district." On the subject of adjustment of assets and liabilities, see sec. 38.20, 1971 Stats.
The only portion ch. 154, Laws of 1971, which is germane to the question asked of me is section 14, which creates sec. 38.06, 1971 Stats. It provides, in part, that:
"38.06 DISTRICT BOUNDARIES; ALTERATION OF BOUNDARIES. (1) Each district shall include one or more counties, municipalities or school districts in any contiguous combination.
"(2) (a) Upon order of the board, the boundaries of a districtmay be altered. Changes in boundary lines shall take effect on the July 1 next succeeding the date of such approval. *Page 235 
"(b) The governing body of a county, municipality or school district may file a petition with the board 1) requesting that its territory be detached from the district in which it lies and attached to a district to which such territory is contiguous, or 2) if portions of its territory lie in more than one district, requesting that all such portions be placed within one of such districts. Immediately upon receipt of the petition, the board shall notify each district board affected of the receipt of the petition and the boundary alterations requested therein. Such district boards shall forthwith notify the board of their recommendations on the petition. Within 90 days of the receipt of the petition, the board shall notify the governing body filing the petition and the district boards affected of its approval or disapproval of the proposed detachment and attachment of the territory. In making its determination under this paragraph, the board shall consider the master plan for vocational, technical and adult education districts prepared by the board and the coordinating council for higher education under s. 41.155 (1), 1967 stats."
(Emphasis supplied.)
If the board has power itself, without the mere cumulative effect of the petitioning process set forth in sec. 38.06 (2) (b), Stats., quoted above, to merge one district with another, it must be based upon the power granted to it in the underlined protion [portion] of sec. 38.06 (2) (a), Stats., to alter boundaries of districts. The question, then, becomes whether the power to alter boundaries of districts includes the power to merge districts. I do not believe that it does.
In the construction of Wisconsin Statutes all words, with certain inapplicable exceptions, are to be construed according to common and approved usage. Sec. 990.01 (1), Stats. The basic word "alter" is defined in Webster's Third International Dictionary
as:
"* * * to cause to become different in some particular characteristic (as measure, dimension, course, arrangement, or inclination) without changing into something else * * *."
Black's Law Dictionary (4th Ed.) defines "alter" as: *Page 236 
"To make a change in; to modify; to vary in some degree; to change some of the elements or ingredients or details withoutsubstituting an entirely new thing or destroying the identity ofthe thing affected. Davis v. Campbell, 93 Iowa, 524,61 N.W. 1053. To change partially. Cross v. Nee, D.C. Mo., 18 F. Supp. 589,594. To change in one or more respects, but withoutdestruction of existence or identity of the thing changed; to increase or diminish. Kraus v. Kraus, 301 Ill. App. 606,22 N.E.2d 862. See Alteration; Change." (Emphasis supplied.)
The Wisconsin Supreme Court has also defined the word "alter." In Black River Imp. Co. v. Holway (1894), 87 Wis. 584, 590, it wrote:
"* * * To alter is to make different, without destroying identity; to vary, without entire change.* * *"
These definitions of "alter" are consistent with the many definitions found in 3 Words and Phrases, "Alter; Alteration." InPetition for Division Into Wards, Etc. (1957), 388 Pa. 539,130 A.2d 695, it was held that the power, among others, "to alter lines or boundaries" of wards in a township did not include the power to abolish or consolidate wards. Similarily here, the power in the board to alter boundary lines of districts does not include the power to merge districts, since merger is a destruction of the identity of the involved existing districts and the creation of a new one. It is an "entire change" and not just an alteration of boundaries between two districts which continue to exist.
It is, therefore, my opinion that, although the legislature could have granted the Board of Vocational, Technical and Adult Education the power to merge a district, without its consent, with another district, it has not done so. It granted the board the power to alter boundaries of districts, but that power does not include the power to create a new district "by merging one district, without its consent, with another district."
RWW:BRB *Page 237